OPINION of the Court, by
Judge Owsley.
This was a suit in chancery, brought in the court below by the present plaintiffs, to recover the estate of their ancestor Stephen Henning, deceased, and which was claimed by them as his heirs at law. When the cause came to hearing in the court below, a decree unsatisfactory to the plaintiffs was there pronounced, and the cause having been brought before this court by an appeal, that decree was reversed, the cause remanded with directions to ascertain according to principles then recognized, tne amount to which the plaintiffs were conceived *299 to be entitled, for the purpose of enabling that court to give a final decree.
A releafe given by a party after the fir ft decifion of a cauie, and si review of it in the court a-bow, may be pleaded by an amended an* lwer,ai d taken advantage of, on a fubfcquent hearing in the court below *
Upon the return of the cause to the court below, the defendants presented an amendment to their answer previously made, in which they charge Ezekiel Henning not to be one of the heirs of Stephen Henning, deceased, but allege David to be the sole heir, and from whom they charge they have for a valuable consideration obtained a release of all his right to the estate, and exhibit the release to the court. The filing of the amendment was opposed by the plaintiffs, but admitted by the court, and without the production of any evidence but the release, other than that which was used on the former hearing, that court dismissed the plaintiffs’ bill with costs ; and to reverse that decree the cause is again brought before this court by writ of error.
In determining on the propriety of receiving the amended answer, the subject seems to divide itself into two inquiries — -1st, With respect to the denial of Ezekiel Henning’s right; and 2dly, as to the release given by David.
The right of Ezekiel to part of the estate, formed a material and essential inquiry when the cause was formerly before this court; and as the opinion then given clearly recognized his right, it is conceived his interest ought not in any manner to be affected by an amendment to the answer suggesting facts existing before the former healing, and the truth of which was necessarily involved in the decision then given ; and when too, from the circumstances of this case, those facts must have been known to the defendants prior to the cause being first heard.
So much of the answer, therefore, as relates to Ezekiel’s right, should have been disregarded by the court below but as the release was obtained from David after the former decision was given, the dictates of natural justice require the defendants should be permitted by some mode of defence to avail themselves of it, and none other more eligible is perceived than that which has been adopted in the present case. The release, as it cannot however affect the right of Ezekiel, could justify a dismissal of the bill as to David only ; hut as by the decree of the court below the bill was dismissed as to both-the plaintiffs, it must be reversed with costs, the cause remanded to that court and the bill as to David dismissed $ *300 and as to Ezekiel, such proceedings there had, consistent with the former opinion of this court, as may enable that court to make a final decree as to him.